**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSE COLON, | : | |
| | : | Civil Action No. 09-4334 (KSH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| KAREN BALICKI, et. al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    JOSE COLON, Petitioner Pro Se
    # 48505/825489A
    South Woods State Prison
    215 Burlington Road
    South Bridgeton, New Jersey 08302

**HAYDEN**, District Judge

This matter is before the Court on the petition of Jose Colon, for habeas corpus relief under 28 U.S.C. § 2254. On October 15, 2009, this Court issued an Order to Show Cause directing petitioner to show cause in writing, on or before November 9, 2009, why his habeas petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d). Petitioner responded to this Court's October 15, 2009 Order on October 27, 2009. For the reasons discussed below, the Court will dismiss the petition as untimely under 28 U.S.C. § 2244(d).

## I. PROCEDURAL BACKGROUND

Petitioner, Jose Colon ("Colon"), filed a petition for habeas corpus relief on or about August 20, 2009.[1] According to the allegations contained in his petition, Colon was convicted by jury trial on or about March 5, 2004, in the Superior Court of New Jersey, Law Division, Sussex County on one count of sexual assault in the second degree. He was sentenced to ten (10) years in prison with a 85% parole disqualifier.

Colon filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division. On December 8, 2006, the Appellate Division affirmed the conviction and sentence. The Supreme Court of New Jersey denied certification, but Colon does not provide the date when certification was denied.

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Here, Colon did not date his petition, and consequently, the Court is limited to use the date that the petition was received, August 20, 2009, as the constructive date of filing in this instance.

In his response to this Court's Order to Show Cause, Colon alleges that he did not file a petition for post-conviction relief ("PCR") in state court after his direct appeal process was completed because the New Jersey Supreme Court purportedly told him that he was eligible to file a federal habeas petition. He claims that he did not file this habeas petition until August 20, 2009, because, as a prisoner, he had limited access to legal resources and a professional attorney. He also relies on a state law case to argue that an illegal sentence may be reversed at any time.[2]

## II. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Because petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

---

[2] Under the Supreme Court's ruling in Day v. McDonough, 547 U.S. 198 (2006), district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions.

3

III.  STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of

4

time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations

5

a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Colon's judgment of conviction became final after the enactment of AEDPA. The judgment of conviction was entered on or about March 5, 2004, and Colon filed a direct appeal shortly thereafter. Colon states that the Appellate Division denied his appeal on December 8, 2006, but he does not indicate the date on which the Supreme Court of New Jersey denied certification, for purposes of determining when the judgment of conviction became final. Indeed, in this Court's October 15, 2009 Order to Show Cause, the Court noted that Colon was silent as to the date the New Jersey Supreme Court denied certification, indicating that this date was important for determining the limitations period. However, Colon neglected to respond directly to the Court's Order to Show Cause on this point. Therefore, it would appear that Colon's judgment of conviction became final 90 days after the

---

omitted).

6


Appellate Division rendered its decision affirming th conviction and sentence on December 8, 2006, or March 8, 2007. <u>See</u> <u>Swartz</u>, 204 F.3d at 419; <u>Morris</u>, 187 F.3d at 337 n.1; <u>U.S. Sup. Ct. R.</u> 13.

For purposes of determining when the statute of limitations would start to run, Colon would have had one year from the date judgment of conviction became final, possibly March 8, 2007, or until March 8, 2008, to file his federal habeas petition under § 2254, assuming that March 8, 2008 was the date that his judgment of conviction became final since Colon does not inform this Court otherwise.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Colon would have had to file his state PCR petition before the one-year period had expired, or before March 8, 2008. Otherwise, the state PCR petition would not serve to toll the statute of limitations. In this case, Colon admits that he did not file a state PCR petition. Therefore, he is not entitled to statutory tolling.

Accordingly, it appears from the petition that Colon would have had one year from March 8, 2007, or until March 8, 2008, to file his federal habeas petition. He did not file his § 2254 petition until August 20, 2009, more than one year after the limitations period had expired. Therefore, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

It would appear that Colon may have miscalculated the statutory limitations period when he failed to count the time his limitations period began to run after his conviction became final on or about March 8, 2007. Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling. Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003). Moreover, even if Colon was ignorant of the fact that the limitations period began to run on March 8, 2007, when his conviction apparently became final under AEDPA, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction."); see also Jones, 195 F.3d at 159-60.

Nevertheless, Colon may be able to overcome this statutory time bar if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller

8

v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[4] Even where extraordinary circumstances exist, however,

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or

9

"[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Here, Colon alleges that he filed his petition out of time because he was told that he did not have to file a state PCR petition, and that he did not have a professional attorney to help him and that he had limited access to legal resources. This excuse is insufficient to justify equitable tolling. Therefore, this petition was untimely filed and must be dismissed accordingly.

## IV.  CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the

---

other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

10

prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.
For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

/s/ KS Hayden
KATHARINE S. HAYDEN
United States District Judge

Dated: January 5, 2010